Avery GANONG, Appellant,

v.

Roy BERRY et al., Appellees.

Court of Appeals of Kentucky.

Jan. 22, 1965.

------◆------

Andrew J. Palmer, Paducah, for appellant.

Harry Roberts, Jr., Clinton, James Warren, Fulton, for appellees.

PALMORE, Judge.

This is a boundary dispute in which the only question raised on appeal is whether the evidence supports the judgment. We think it does.

The land in question lies just east of Obion Creek in Hickman County. Berry's 130 acres are part of a 1200-acre patent issued to John Allison in 1825. Ganong's 21 acres are part of a 2,000-acre patent issued to Henry Vowles in the same year. Both patents followed military surveys made in 1821. The two surveys had a common boundary running N 72 W. All the original landmarks are down and gone, the meanders of the creek have changed, and the magnetic pole has shifted. Of necessity, therefore, each of the surveyors who testified in the case relied to a large extent on recognized corners, old fence lines, and the like.

Berry's land is a rectangular tract running east and west along the south side of the old military line. Ganong's tract lies on the north side of the line and, roughly speaking, forms the north boundary of the westerly one-third of Berry's property, in the area of the creek. The disputed territory is unimproved and unenclosed. At the other end of Berry's north line, however, at his northeast corner, there is a county road and a country church. No one disputes that the corner across from the church is recognized as being on the military line. Berry's neighbor to the north at this point and for some distance westward is a man named Woody Smith. There is, or was, an old line fence running approximately along this boundary for part of the way. Farther to the west, on Ganong, is an old field, the south extremity of which is in line with a projection of the fence. Old residents of the community testified that the south end of this field was always considered to be the boundary line. Using the best evidence he was able to find, and estimating the magnetic variance, an experienced surveyor, Allie Hall, concluded that the correct boundary now runs N 75–08 W from the church corner to the creek, substantially coinciding with the remains of the fence line and the south border of the old field. The judgment accepts his survey.

Based to a large extent on landmarks and descriptions from neighboring lands to Berry's south and west, Ganong contends that Berry's northwest corner should be established at twin oak trees near the east bank of Obion Creek but some 19 poles (313.5 feet) south of the line as surveyed by Hall. His brief concludes with a request that we direct a judgment establishing the line "as beginning at the twin oaks near the creek and thence running south 76½ degrees east." But his own surveyor (who determined the correct bearing to be S 76–15 E) admitted on cross-examination that so far as he knew the twin oaks had nothing to do with the boundary in question and that a line drawn S 76–15 E from that point would pass 313.5 feet south of the church corner.

 It may be that the survey found to be correct in this case will not jibe with the descriptions of other neighboring lands.

However, the neighbors are neither involved in this suit nor bound by its result. As to the line between Ganong and Berry the evidence supports the judgment.

The judgment is affirmed.